Shannon *v.* Philadelphia Rapid Transit Company, Appellant.

Argued October 25, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Jay B. Leopold,* and with him *Bernard J. O'Connell,* for appellant.

*James P. McCormick,* and with him *Vincent A. Carroll,* for appellee.

Per Curiam, December 18, 1934: ·

The plaintiff was proceeding on the evening of June 13, 1931 before dark driving his truck south on 39th Street and as he reached Spruce Street he looked in both directions and on the west side he saw a trolley car on Spruce Street west of 39th Street 250 or 300 feet away. He proceeded to cross and when he looked west the second time he was between the east and west bound car tracks and the trolley car was a car length beyond the west houseline or 75 feet away from him. He continued to cross and when he got to the rail of the east bound track the trolley car came along and hit the truck causing the injuries which are the basis of this suit. He could not tell the speed of the trolley car. He said that the trolley car had slackened down to make a stop at 39th Street. No warning or signal had been given.

The appellant argues that the plaintiff was guilty of contributory negligence, that he should have stopped to allow the trolley car to pass. We do not think that the nature of the evidence submitted shows that the case was one to be decided by the court as a matter of law. The duty of the driver of a car approaching a street crossing is to look when he enters the street and as far as possible, under the circumstances, continue to look necessarily not always in the same direction. In this case it certainly showed no carelessness on the part of the driver of the truck in starting across the street when the car was 300 feet away. Ordinarily, under such conditions, there was no question about there being ample time for him to get across before

the trolley car would be at the intersection. The mere sight of a trolley car in the distance does not prevent the driver from attempting to cross if such distance would appear to afford the opportunity to the ordinary prudent person. When the driver of the truck saw the trolley car 72 feet away slowing down, it would seem that the jury could find that he had a right to conclude that the trolley car was not going to strike him and that he could proceed with safety. It was for the jury to decide as to whether he exercised the reasonable care required under the circumstances. There is no doubt, taking as we must, that his narration is true, the jury could find that there was ample time for the motorman to stop his car when he saw the plaintiff on the track, and the plaintiff had a right to presume, under the facts as presented, that the trolley car when approaching the intersecting street at lessened speed would not collide with the truck he was driving.

We think the case was properly decided.

The judgment is affirmed.